WAYNE ANTHONY ROSS
Wayne Anthony Ross P.C.
327 E. Fireweed Lane, Suite 201
Anchorage, AK 99503
907-276-5307 Office
Email: waralaska@alaskan.com

United States District Court

for the

District of Alaska

| | |
|---|---|
| Richard Lee Green | ) |
| Plaintiff | ) |
| -v- | ) Case No. _____ |
| Dinh Hoang Phuong | ) |
| Defendant | ) |

## MEMORANDUM IN SUPPORT OF CONFIRMATION OF INDONESIAN FOREIGN ARBITRATIONAL AWARD

Comes now the proxy, and files to this court for the registration and confirmation of the Partial Final Award on Jurisdiction and Enforceability as issued on April 24, 2020 and the Final Award of All Issues dated May 18, 2020 in re: Green v Dinh. In the matter of the contract dated August 28, 2014 as executed in Bali, Indonesia.

**BRIEF STATEMENT OF HISTORY**

The Arbitrator was appointed on March 17, 2020 in Indonesia as agreed to in the arbitration clause of the August 28, 2014 contract.

The demand for arbitration was made in writing on March 26, 2020 and sent via certified mail, return receipt requested.

The Arbitrator accepted the appointment and issued the arbitration schedule on March 28, 2020.

On April 24, 2020 the party appointed arbitrator issued a partial final award for jurisdiction, venue and enforceability.

The Arbitrator gave the parties a 10 day opportunity to file for reconsideration and neither party motioned for reconsideration.

On May 18, 2020 the arbitrator issued a final award of all issues.

I am the attorney of record for the Claimant in the above mentioned international arbitration proceedings.

**GOVERNING INDONESIAN LAW**

We were provided with a translated version of the Indonesian Public Law 30 of 1999 governs the registration, confirmation and court order of enforcement of arbitrational awards.

Article 3
**The District Court has no jurisdiction to try disputes between parties bound by an arbitration agreement.**

Article 4
1. If the parties have agreed that disputes between them are to be resolved through arbitration and have granted such authority, **the arbitrators have the authority to determine in their award the rights and obligations of the parties, if these matters are not stipulated in their agreement.**

Memorandum for confirmation of foreign arbitration award in the matter of Green v Dinh
Case Number:

2. The agreement to resolve disputes through arbitration as specified in paragraph (1) must be contained in a document signed by the parties.

### Article 11
1. The existence of a written arbitration agreement eliminates the right of the parties to submit the resolution of the dispute or difference of opinion contained in the agreement to the District Court.

**2. The District Court must refuse to and must not interfere in any dispute settlement which has been determined by arbitration, except in particular cases determined in this Law.**

### Article 52
**Parties to an agreement are entitled to request a binding opinion from an arbitration institution on a particular legal issue in an agreement.**

### Article 53
**No legal remedy is available to challenge the binding opinion contemplated in Article 52.**

### Article 59
**1. Within 30 (thirty) days from the date the award is rendered, the original text or an authentic copy of the arbitration award must be delivered to the Clerk of the District Court and registered there by the arbitrator or his/her/its proxy.**
**2. The delivery and registration contemplated in paragraph (1) will be carried out by the marking and signing of the last part or the margin of the award by the Clerk of the District Court and the arbitrator or his/her/its proxy that delivers it. This record constitutes a deed of registration.**
**3. The arbitrator or his/her/its proxy must deliver the award and the original text of his/her appointment as arbitrator, or an authentic copy of it, to the Clerk of the District Court.**
4. Non-fulfilment of the provisions contemplated in paragraph (1) above will render the arbitration award unenforceable.
5. All costs connected with the deed of registration are to be charged to the parties.

### Article 60
**The arbitration award is final and has a permanent and binding legal effect on the parties.**

### Article 61
If the parties do not voluntarily implement the arbitration award, it may be enforced by an order from the Chairman of the District Court at the request of one of the parties to the dispute.

### Article 62
1. The order contemplated in Article 61 must be issued within 30 (thirty) days after the application for execution has been registered with the Clerk of the District Court.
**4. The Chairman of the District Court will not examine the reasons or considerations for the arbitration award.**

### Article 63
**The order of the Chairman of the District Court must be written on the original text and the authentic copy of the arbitration award.**

### Article 64
The arbitration award to which the order of the Chairman of the District Court is affixed must be enforced in accordance with the provisions on the execution of final and binding judgements in civil cases.

The arbitrator seeks to confirm both the partial final award on jurisdiction and enforceability and the final award on all issues in the United States District Court for Alaska for registration, confirmation and enforcement both here and abroad.

Time is very crucial so we can still have the confirmed award sent oversees as quickly as possible.

DATED at Anchorage, Alaska this 4th day of June, 2020.

The Law Offices of Wayne A. Ross, P.C.
Proxy for the Arbitrator

By: _____
WAYNE ANTHONY ROSS
Alaska Bar No. 6911047
Wayne Anthony Ross P.C.
327 E. Fireweed Lane, Suite 201
Anchorage, AK 99503
907-276-5307 Office
Email: waralaska@alaskan.com